Denis MARINGO,
A79 483 831,
CCA HPC,
15850 Export Plaza Drive,
Houston, TX 77032

United States District Court
Southern District of Texas
FILED

SEP 18 2007

Michael N. Milby
Clerk of Court

US DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON, TEXAS

Gogo Tribe of Tanzania, et al.        §
                v.                    §  CIVIL ACTION
                                      §  No._____
Google Corporation of Mountain View, California, et.al. §

A COMPLAINT FOR THE WRITS OF PROHIBITION, INJUNCTION, MANDAMUS, AND FOR DECLARATORY ORDER CONCERNING THE BREACH BY THE DEFENDANTS ON THEIR APPROPRIATIONS OF PLAINTIFFS' NAMES AND UNLAWFUL CONVERSIONS OF THE SAME BY AND IN THE NAMES OF COPYRIGHT LAWS AFTER MODIFYING SLIGHTLY THOSE NAMES DEPRIVING THE ORIGINAL OWNERS AND CREATORS THEREOF OF CUSTOMARY RIGHTS AND PRIVILEGES THEY HAVE ENJOYED IN USING THESE NAMES FREE FROM EXTERNAL AND UNAUTHORIZED INFRINGEMENTS:

I. INTRODUCTION:
This Complaint is now being filed by the Plaintiffs to seek above relief and remedies at law. The lawsuit is grounded in various acts and omissions consttituting violations of United States and International customary law by the Defendants, and specifically those violations are largely the Defendants' acts in appropriating the names of the Plaintiffs and converting them for their own business interests and purposes at the expense of the Plaintiffs, and subsequently purporting to copyright them, without acknowledging the original owners thereof or seeking their prior consent and authorization thereof before these Defendants modifified, converted and eventually attempted to monopolize these names as their business names with the US Copyright Office, thus totally and permanently depriving the original owners (Plaintiffs) of certain rights and privileges as well as advantages that had associated with these names before the actual infringement took place.

II. PARTIES:
The First Plaintiff is GOGO tribe of Tanzania, a tribe with unique customs and identity which for centuries has habitated and dwelled in Central Tanzania, mostly in Dodoma Region. Plaintiff "Gogo Tribe" alleges that the First Defendant, "Google Corporation",(a Search Engine Monolith on the internet, a 500 Fortune Company) has infringed, converted and permanently appropriated the name originally identified with the tribe and turned the global identity of the tribe into obscurnity when "Google Corporation" intentionally and knowingly stole the name "Gogo" into "Google" after slightly modifying it to her own commercial advantages and for other reasons only known to the Corporation. In return the Gogo Tribe has received mno nothing while Google Corporation has seen its stock skyrocketting and its capital amasing. The term Google (from Gogo) has even been classified as an English Verb by the Editors at Webster's Dictionary, none of them or any other users of Google and the entire world been made aware that Google owes too much to the Gogo Tribe.

Since anything in this World can have an explanation, whether really or manipulated, Google Corporation has also found a frivilous and fictitious theory that Segei Brin and Larry Page, the co-founders of Google have got their name from "Googol," the number 1 followed by a hundred zeros, or $10^{100}$. That Google Co-founder misinformed the mass is also corroborated by the fact the culture of the Gogo tribe has been extensively studied by American Ethnologists and other Anthropologists, making the literature to have been much easily accessible to Google founders. The Court is now been asked to answer a common sense question: Is "Google" much more related, semantically and lexically, with "Gogo" or with "Googol"? Plaintiffs expect that there will be findings that the name much relates/associates/sound with the former than with the later.

The Second Plaintiff is Yao Tribe of Tanzania. The tribe is suing the Second Defendant, Yahoo Corporation of San Jose, California, for similar infringement as in the above scenario, only that with this case Yahoo Corporation's founders Jerry Yang and David Filo when founding their comany stole the name "YAO", a name of tribe inhibiting the coast of Tanzania mainland (former Tanganyika) and convrted it into "YAHOO", and purportedly copyrighted it. The Tribe (YAO) has received no acknowledgement nor compensation from YAHOO Corporation whose founders have similarly deceived the internet users and all others in this world that when they founded their enterprise they came up with the name YAHOO after considering themselves "Yahoos" a name they states that is for the people who do something when they do not know the subsequent consequences of their actions, as for inventors. This explnation is unconvincing to the Plaintiffs since there is no linguistic authority to validate the claim and consequently it is a mere cover up as to the true and original meaning of YAHOO, which is YAO.

The third Plaintiff is Denis Maringo, an immigration detainee at the CCA Houston Processing Center detained for political reasons. Maringo is barred from proceeding pro se yet he is proceeding in a representative capacity since the mother of his paternal grandfather is was GOGO and the grandmother of his maternal grandmother was a YAO (which mean that he belongs to these tribes under DNA transmission analysis and as such he has vested interest in advocating and protecting the customs and heritages of these tribes.). Thus Maringo has a standing to bring the suit on behalf of all YAOs and GOGOs. In addition, or in the alternative, Maringo's capacity as a founder and interim president of a political advocacy entity called PEOPLE OF SUB-SAHARA AFRICA, would legally enable the Organization, through him, to bring this suit since Gogo and Yao Tribes are located in Sub-Saharan Africa.

### III. THE LAW: JURISDICTION AND SUBSTANTIVELY TO SUPPORT THE CLAIMS)

Jurisdiction is vested under various statutes, including but not limited to, the **Declaratory Judgement Act**, 28 USC § 2201; the **All Writs Act**, 28 USC Z 1651; **the Copyright Act of 1976**, 17 USC § 505; the Civil Rights Act of 1964; the **Federal Question Statute**, 28 USC § 1331; the **Mandamus Statute**, 28 USC § 1361;, and the **Africa Opportunity Growth Act** (to the extent here that the violation violates and is contrary to the Will of Congress to promote rapid economic and social changes to the peoples of Africa (Gogos and Yaos included) which the Defendants have infringed upon). In addition toi the named statutes above, the

Defendants have violated the Berne Convention and Customary international Law.

Although the usage of names "Gogo" and Yao" have not been copyrighted under any Copyright or Trademark Law known, it has been so ~~registeed~~ registered in the mind and psyche of almost every person who is familiar with various cultures of the world and therefore the names would deserve special protection under the Law of customs and usage which is well recognized by the Federal Courts.

One prominent legal scholar has concluded that "Custom is the oldest and the original source of international law **as well as of law in general.**" **1 Oppenheim's International Law** 25-26 (Sir Robert Jennings & Sir Arthur Watts, ed., 9th ed. 1996).

The Supreme Court, recognizing well usage customs such as those of the Plaintiffs with their names, have clearly and succintly stated this:

> "Although not authorized by written law, [a practice] could well be so permanent and well settled to constitute 'custom or usage' with the force of law." **Monell v. Department of Social Services**, 436 U.S. 658, 56 L. Ed. 2d, 611, 98 S. Ct. 2018 (1978).

## IV. CONCLUSION:

Petitioners would conclude by asking the Court to enter the following findings and Orders:

(1). That there has been a breach and legal violations with respect to the aforementioned claims;

(2). An entrance of a Prohibition Order, a temporary restraining Order, a temporary injunction, and eventually a permanent injunction preventing the Defendants from using the names Google and Yahoo;

(3). Enter a Declaratory Order or any other order, including mandamus, stating and compelling the Defendants to acknowledge that they acquired their names from Gogo and Yao tribes, and that they [Defendants] have accumulated massive pecuniary profits at the expense and as a result of invention in names by the tribes, and that they, Defendants, have caused economic loss and reduced social visibility of the identity of the tribes in the world

(4) Order the Defendants to compensate the Plaintiffs the sum of monies equal to and to be calculated as the total based on multiplying $10,000 (an arbitrary compensatory figure per individual) multiplied by a number of all Gogo and Yao tribal members and the descendants of Yao and Gogo ancestors back to three generations ago, the total number being calculated based on Tanzania Census records and not any foreign government statitistics such as the US State Dep'f figures.

Respectfully Submitted for Orders and all judicial remedies available.
_____, Denis Maringo, for and on behalf of the Plaintiffs.
09/12/07

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been caused to be mailed on September 12, 2007 by first class USPS mail to the Defendants: Google Corporation, 600 Amphitheatre, Mountain View CA; ② Yahoo Corporation, San Jose, CA.

/s/ Denis Wanjo 09/12/07
On behalf of Plaintiffs

ADDENDUM

* SOME OTHER PROOFS OF NAMES THEFT/MISAPPROPRIATION BY SILICON VALLEY COMPANIES.

① Yahoo Corporation recently started using name "KIJIJI" (from Kiswahili "Village") without paying royalties or getting authorization from the Swahili-speaking peoples who coined and are associated with the word.

② APPLE Computer Co. (maker of Apple computers, iPhones, iPods) had settled in millions for similar infringement on Beetles' name Apples Inc.

NOTICE OF LAWSUIT AND REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

A lawsuit has been commenced against you. A copy of the Complaint is attached. It has been filed in the US District Court for the Southern District of Texas (Houston Division).

This is not a formal summons but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the Complaint. The cost of serving you will be avoided if I receive a signed copy of the waiver within 60 days after September 13, 2007, the date on which I am sending you this Notice. I enclosed a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with request and return the signed waiver, it will be filed with Court and no summons will be served on you. The action then will proceed as if you have been served on the date the waiver is filed, except that you will not be obligated to answer the Complaint before 60 days from the date designated below (September 13, 2007).

If you do not return the signed waiver on time, I will take appropriate steps to effect the formal process and you may afterwards be liable to reimburse me with those costs. (Please see Federal Rules (Civil) on this matter).

/s/ Denis Manjo
09/13/2007