IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GOGO TRIBE OF TANZANIA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3087 |
| | § | |
| GOOGLE CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Pending before the Court is a "Complaint for the Writs of Prohibition, Injunction, Mandamus, and for [a] Declaratory Order Concerning the Breach by the Defendants on Their Appropriations of Plaintiffs' Names and Unlawful Conversions of the Same by and in the Names of Copyright Laws After Modifying Slightly Those Names Depriving the Original Owners and Creators Thereof of Customary Rights and Privileges They Have Enjoyed in Using These Names Free from External and Unauthorized Infringements." Denis Maringo (A79-483-831) has filed this complaint on behalf of himself and the "Gogo Tribe" and the "Yao Tribe" of Tanzania, seeking damages from the defendants, Google Corporation of Mountain View, California, and Yahoo Corporation of San Jose, California. After reviewing all of the pleadings, the Court **dismisses** this case for reasons set forth briefly below.

## I.  BACKGROUND

Denis Maringo, a native and citizen of Tanzania, is currently in custody of immigration officials at a local detention center, awaiting his removal from the United States. Maringo has filed the complaint in this case against the Google Corporation ("Google") of

Mountain View, California, and the Yahoo Corporation ("Yahoo") of San Jose, California, seeking damages on his own behalf and on behalf of two tribes, described as the Gogo Tribe and the Yao Tribe of Tanzania. Maringo alleges that Google has brazenly misappropriated its name from the Gogo Tribe and has refused to pay any tribute. Likewise, Maringo insists that Yahoo has shamelessly stolen its name from the Yao Tribe without paying them a cent for the privilege.

Maringo, who lists himself as the third plaintiff in this case, purportedly has standing to bring this suit in a representative capacity because "the mother of his paternal grandfather is was [sic] a Gogo and the grandmother of his maternal grandmother was a Yao (which means that he belongs to these tribes under DNA transmission analysis and as such he has a vested interest in advocating and protecting the customs and heritages of these tribes)." Alleging that he is entitled to an incalculable sum of money (he suggests multiplying $10,000 by the number of all Gogo and Yao tribal members and descendants dating back to three generations ago), Maringo seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, the All Writs Act, 28 U.S.C. § 1651, the Copyright Act of 1976, 17 U.S.C. § 505, the Civil Rights Act of 1964, 42 U.S.C. § 1983, the federal question statute, 28 U.S.C. § 1331, the mandamus statute, 28 U.S.C. § 1361, and the "Africa Opportunity Growth Act," for which he provides no citation. Maringo also alleges a violation of the "Berne Convention" and he adds customary international law for good measure. The Court concludes, however, that this case must be dismissed for reasons that follow.

## II.  STANDARD OF REVIEW

Maringo has filed this complaint *pro se* and he seeks leave to proceed *in forma pauperis* as a representative of the Gogo and Yao Tribes. The complaint is subject to preliminary review under 28 U.S.C. § 1915(e)(2)(B), which applies to all litigants proceeding *in forma pauperis*. Under this statute, a district court "shall dismiss" any *in forma pauperis* action under § 1915(e)(2)(B) if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. In conducting this analysis, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Likewise, "[a] district court may dismiss as frivolous the complaint of a [plaintiff] proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless

3

legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

### III. DISCUSSION

In spite of his alleged tribal heritage, Maringo is not qualified to file suit in a representative capacity. In federal court a party can represent himself or be represented by an attorney, but he cannot be represented by a non-lawyer. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-9 (2d Cir. 1991) (reviewing authorities)). Maringo is not a licensed attorney. Therefore, he cannot represent others and the complaint is subject to dismissal for this reason.

Alternatively, the claims involving misappropriation of the Google and Yahoo corporate names are patently meretricious. In that regard, the allegations in the complaint qualify as factually frivolous because they are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)). Likewise, the legal theories presented in the complaint further appear to lack an arguable basis in law. Because the complaint is wholly without merit, this case is subject to dismissal as factually and legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

This is not the first frivolous complaint filed by Maringo, who is well known in this district. Prior to filing this case, Maringo has filed numerous complaints and mandamus petitions that have been dismissed under § 1915(e)(2)(B) as frivolous, malicious, or for failure to state a claim. *See Maringo v. Gonzales*, Civil No. H-06-3385 (S.D. Tex. Nov. 28,

2006); *Maringo v. McGuirk*, Civil No. H-07-403 (S.D. Tex. Feb. 23, 2007); *Maringo v. Warden, Corrections Corp. of America*, Civil No. H-07-602 (S.D. Tex. July 25, 2007); *Maringo v. Dep't of Homeland Security*, Civil No. H-07-1878 (S.D. Tex. June 21, 2007); *Maringo v. Dep't of Justice*, Civil No. H-07-2212 (S.D. Tex. July 17, 2007); *Maringo v. Officer Barnes*, Civil No. H-07-2367 (S.D. Tex. July 25, 2007). He also has an antitrust case that remains pending against another internet-based company. *See Maringo v. e-Bay, Inc.*, Civil No. H-07-2495 (S.D. Tex.).

Maringo was warned in a court order issued on February 23, 2007, that sanctions would result if he continued to file meritless complaints and petitions in the federal courts. *See Maringo v. McGuirk*, Civil No. H-07-403 (S.D. Tex. Feb. 23, 2007). Maringo's litigation history reflects that he has refused to heed this warning. Although Maringo is not a prisoner who is currently in custody as the result of a criminal judgment for purposes of the three-strikes rule found in 28 U.S.C. § 1915(g), it is well established that *pro se* status does not give any plaintiff the license to file meritless claims. *See Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (A litigant's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets.").

Federal courts have inherent power to sanction abusive, vexatious litigants for their abuse of judicial resources. *See In re McDonald*, 489 U.S. 180 (1989); *see also Whittington v. Lynaugh*, 842 F.2d 818 (5th Cir. 1988) (imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure). Maringo's refusal to heed the warning issued previously on

February 23, 2007, in Civil Action H-07-403, persuades the Court that sanctions are necessary and appropriate in this instance. Because Maringo has continued to file frivolous complaints in this district in spite of warnings that sanctions would result, the Court will impose a monetary penalty and will direct the Clerk's Office to stop accepting any new complaints or petitions from Denis Maringo in any capacity until the sanction has been paid in full **and** he has received written petition in advance of filing from a judicial officer in the Southern District of Texas, Houston Division.

### IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous.

2. The plaintiffs' motion for leave to proceed *in forma pauperis* (Doc. # 2) is **DENIED**.

3. The Court **SANCTIONS** Denis Maringo (A79-483-831) in the amount of five hundred dollars ($500.00) for his recalcitrant and persistent abuse of judicial resources.

4. The Clerk's Office is instructed to accept no further complaints or petitions for filing from Denis Maringo (A79-483-831) in any capacity until the sanction is paid in full and he presents advance written permission from a judicial officer in the Southern District of Texas, Houston Division.

The Clerk is directed to provide copies of this order to the parties. **The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to the Houston Service Processing Center, Attn: Warden Robert Lacy, 15850 Export Plaza Drive, Houston, Texas 77032**.

SIGNED at Houston, Texas, on September 25, 2007

_____
Nancy F. Atlas
United States District Judge